UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMONTREY ANDRE CUNNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>RAMON PABON, et al.,<br><br>Defendants. | Case No. 2:21-01113 SVW (ADS)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS |

I.    **INTRODUCTION**

Plaintiff Demontrey A. Cunningham filed a pro se civil rights complaint ("Complaint") on June 3, 2020. (Dkt. No. 1.) Defendants Ramon Pabon and Herman Espinoza filed their Answer on May 26, 2021. (Dkt. No. 29.) On June 2, 2021, the Court issued a Case Management and Scheduling Order, which required the parties to file their respective Case Management Reports by August 26, 2021. (Dkt. No. 31.) On September 17, 2021, the Court ordered Plaintiff to show cause why he had failed to submit a Case Management Report. (Dkt. No. 36.) The Court warned Plaintiff that

1 | failure to file a response may result in a dismissal of his case pursuant to Federal Rule of
2 | Civil Procedure 41(b) ("Rule 41(b)").  (Id.)  Plaintiff's response was due October 1, 2021,
3 | (id.), but Plaintiff failed to file a response.
4 |      Defendants subsequently filed a Request for Dismissal ("Request") on October
5 | 21, 2021.  (Dkt. No. 37.)  In the Request, Defendants informed the Court that Plaintiff,
6 | after consulting with an attorney, desired to voluntarily dismiss the case.  (Dkt. No. 37-1,
7 | Declaration of N. Grecea ¶ 4.)  In light of this information, the Court ordered Plaintiff to
8 | file a response informing the Court about whether he had retained counsel and whether
9 | he intended to voluntarily dismiss the case.  (Dkt. No. 38.)  Alternatively, Plaintiff was
10 | given the option of filing his Case Management Report to show his intent to continue
11 | with his case.  (Id.)  Plaintiff's response was due November 15, 2021, (id.), but Plaintiff
12 | again failed to file a response to this order.
13 |      To ascertain why Plaintiff has repeatedly failed to respond to these prior orders,
14 | the Court set a telephonic hearing for December 16, 2021.  (Dkt. No. 39.)  The Court
15 | cautioned Plaintiff that failure to attend the hearing will result in a recommendation
16 | that his case be dismissed without prejudice pursuant to Rule 41(b).  (Id.)  On December
17 | 16, 2021, Plaintiff failed to appear for the hearing.  A review of the docket reflects
18 | Plaintiff's last contact with the Court was on April 1, 2021.  (Dkt. No. 23.)

## II.   LEGAL STANDARD

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) for failure to prosecute and for failure to comply with a court order.  See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002).  Five factors are weighed in determining whether to dismiss an action for failure to comply

1 | with a court order or failure to prosecute: (1) the public's interest in the expeditious
2 | resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of
3 | prejudice to the defendant; (4) the public policy favoring disposition of cases on their
4 | merits; and (5) the availability of less drastic sanctions.  <u>Pagtalunan</u>, 291 F.3d at 642.

5 | **III.   ANALYSIS**

6 | Having weighed the five factors, the Court finds the first, second, third, and fifth
7 | factors weigh in favor of dismissing this action.  As to the first and second factors,
8 | Plaintiff's failure to engage with this case and file a response to the Court's prior orders
9 | has interfered with the public's interest in the expeditious resolution of this litigation, as
10 | well with the Court's need to manage its docket.  See <u>Yourish v. Cal. Amplifier</u>, 191 F.3d
11 | 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation
12 | always favors dismissal").  As to the third factor, Plaintiff has failed to rebut the
13 | presumption that defendants have been prejudiced by this unreasonable delay.
14 | <u>Moneymaker v. Coben (In re Eisen)</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law
15 | presumes injury from unreasonable delay.") (quoting <u>Anderson v. Air West, Inc.</u>, 542
16 | F.2d 522, 524 (9th Cir. 1976)).  As to the fifth factor, there is no less drastic sanction
17 | available as the Court has given Plaintiff ample time to respond to these orders and
18 | warned Plaintiff that the case would be dismissed if he did not do so.  Accordingly, the
19 | Court has taken meaningful steps to explore alternatives to dismissal.  See <u>Henderson v.</u>
20 | <u>Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every
21 | sanction short of dismissal before finally dismissing a case, but must explore possible
22 | and meaningful alternatives.").  Finally, although the fourth factor always weighs
23 | against dismissal, here Plaintiff's failure to discharge his responsibility to move the case
24 | towards a disposition outweighs the public policy favoring disposition on the merits.

Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Having weighed these factors, the Court finds that dismissal of this action without prejudice is warranted.

## IV. CONCLUSION

Accordingly, this action is dismissed without prejudice for failure to prosecute and for failure to obey court orders pursuant to Rule 41(b). Judgment is to be entered accordingly. All pending motions are terminated. (Dkt. No. 37.)

IT IS SO ORDERED.

Dated:   December 27, 2021

_____
THE HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge